J-S24020-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| KEITH LAMONT DRAIN | : | |
| | : | |
| Appellant | : | No. 1747 WDA 2019 |

Appeal from the PCRA Order Entered October 28, 2019
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0015145-2009

BEFORE: DUBOW, J., KING, J., and STEVENS, P.J.E.[*]

JUDGMENT ORDER BY KING, J.: **FILED: AUGUST 17, 2021**

Appellant, Keith Lamont Drain, appeals *pro se* from the order entered in the Allegheny County Court of Common Pleas, which denied his first petition filed under the Post Conviction Relief Act ("PCRA"), at 42 Pa.C.S.A. §§ 9541-9546. On October 10, 2014, a jury convicted Appellant of third-degree murder and firearms not to be carried without a license. The court sentenced Appellant to an aggregate 23½ to 47 years' imprisonment. On November 17, 2016, this Court affirmed the judgment of sentence, and our Supreme Court denied allowance of appeal on April 25, 2017. ***See Commonwealth v. Drain***, 159 A.3d 590 (Pa.Super. 2016) (unpublished memorandum), *appeal denied*, 641 Pa. 492, 168 A.3d 1273 (2017).

_____

[*] Former Justice specially assigned to the Superior Court.

On December 18, 2018, Appellant filed his first PCRA petition *pro se*. The court appointed counsel, who filed a motion to withdraw and **Turner/Finley** "no-merit" letter,[1] on June 21, 2019. On June 26, 2019, the court issued notice of its intent to dismiss the petition per Pa.R.Crim.P. 907, and let counsel withdraw. Following the grant of an extension of time to reply, Appellant responded *pro se* on October 10, 2019. On October 30, 2019, the court denied PCRA relief. Appellant timely filed a notice of appeal on November 25, 2019. On December 18, 2019, the court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Although the court gave Appellant multiple extensions of time, Appellant did not file a Rule 1925(b) statement.

Appellant raises ten issues on appeal. As a preliminary matter, however, we must address Appellant's failure to file a court-ordered Rule 1925(b) statement. Pennsylvania law makes clear:

> [A]ny issue not raised in a Rule 1925(b) statement will be deemed waived for appellate review. **See Commonwealth v. Lord**, 553 Pa. 415, 719 A.2d 306, 309 (1998). Further, an appellant's concise statement must identify the errors with sufficient specificity for the trial court to identify and address the issues the appellant wishes to raise on appeal. **See** Pa.R.A.P. 1925(b)(4)(ii) (requiring a Rule 1925(b) statement to "concisely identify each ruling or error that the appellant intends to challenge with sufficient detail to identify all pertinent issues for the judge"). This Court [has] explained … that Pa.R.A.P. 1925 is a crucial component of the appellate process because it allows the trial court to

---

[1] **Commonwealth v. Turner**, 518 Pa. 491, 544 A.2d 927 (1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

> identify and focus on those issues the parties plan to raise on appeal.

*Commonwealth v. Bonnett*, 239 A.3d 1096, 1106 (Pa.Super. 2020), *appeal denied*, ___ Pa. ___, 250 A.3d 468 (2021). **See also** Pa.R.A.P. 1925(b)(4)(vii) (stating that issues not included in concise statement and/or not raised in accordance with rule are waived).

Instantly, the PCRA court deemed all of Appellant's issues waived on appeal based on his failure to comply with the court's Rule 1925(b) order. (**See** PCRA Court Opinion, filed January 4, 2021, at 1). Appellant claims that he is still entitled to the appointment of counsel and blames PCRA counsel for failing to file a Rule 1925(b) statement on his behalf. Nevertheless, once the court permits PCRA counsel to withdraw after filing a **Turner/Finely** "no-merit" letter, an appellant is no longer entitled to the appointment of counsel on appeal. **See Commonwealth v. Rykard**, 55 A.3d 1177 (Pa.Super. 2012), *appeal denied*, 619 Pa. 714, 64 A.3d 631 (2013) (explaining that when counsel has been appointed to represent PCRA petitioner and that right has been fully vindicated following grant of counsel's petition to withdraw under **Turner/Finley**, court shall not appoint new counsel and appellant must look to his own resources for future proceedings). Consequently, the onus was on Appellant to comply with the court's Rule 1925(b) order. Notwithstanding the court's grant of multiple extensions, Appellant did not comply. Therefore, Appellant's issues are waived on appeal. Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/17/2021